IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC. | ) ) ) | |
| Plaintiff | ) ) | No. 09 C 1937 |
| v. | ) ) | Hon. Michael T. Mason |
| APPEAL SOLUTIONS, INC., RANDALL FUCHES, and TAMMY TIPTON, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge.

Plaintiff Practice Management Support Services, Inc. ("plaintiff" or "Practice Management") filed this action against defendants Appeal Solutions, Inc. ("ASI"), Randall Fuchs ("Fuchs") and Tammy Tipton ("Tipton") (collectively defendants) in the Circuit Court of Cook County. Defendants subsequently removed this action to the Northern District of Illinois. In the second amended class action complaint, the operative complaint in this case, Practice Management alleges that defendants sent unsolicited advertisements through telephone facsimile machines to plaintiff and thirty-nine or more other persons similarly situated. Plaintiff, individually and on behalf of others similarly situated, asserts the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count I), common law conversion due to defendants' permanent misappropriation of the putative class members' fax machines, toner, paper, and employee time (Count II), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*

("ICFA") (Count III). Plaintiff has not moved to certify a class, or otherwise placed evidence before this Court as to the forty or more purportedly similarly situated individuals.

Presently before the Court is defendants' motion for summary judgment. For the reasons stated below, that motion is granted.

**I.     STIPULATED FACTS[1]**

ASI is a foreign corporation with its principal place of business in League City, Texas. The individual defendants, Fuchs and Tipton, are the co-owners and sole employees of the company. ASI's customers are in the medical billing and claim resolution business. ASI maintains a website which it uses to provide information to prospective customers. That website includes a form that is used to collect information from persons and businesses interested in the products and services offered by ASI. Defendants contend that John Zulaski ("Zulaski") visited ASI's website on September 17, 2001, identified himself as the "president" of "Practice Management" and provided a mailing address in Mt. Prospect, Illinois, a telephone number, and an email address. In support, defendants cite the Affidavit of Tammy Tipton (the "Tipton Affidavit"). Plaintiff disputes defendants' proposed facts, and affirmatively states that it "lacks sufficient knowledge to admit or deny, but demands strict proof thereof."

Defendants rely on the Tipton Affidavit to show that, while entering his information on ASI's website, Zulaski also provided his fax number, 847-797-0583. Defendants assert that the "web form did not require [Zulaski] to enter his fax number in

---

[1] Unless otherwise stated, these are taken from the uncontested portion of defendants' Local Rule 56.1 statement of material facts. As discussed below, plaintiff did not submit a statement of additional material facts pursuant to Local Rule 56.1.

order to submit his contact information."  Plaintiff disputes these assertions, and again states that it lacks sufficient knowledge to respond and demands "strict proof thereof."  Defendants contend that after Zulaski "voluntarily" provided his fax number, ASI sent "various faxes, all of which were sent subsequent to September 21, 2001."  In response, plaintiff "admits only that it received three-page faxes from defendants on July 18, 2006 and August 27, 2007."  Plaintiff attached as exhibit E to its response a document it describes, in that brief, as "the August 27, 2007 fax."  Although not presented in a form that complies with Local Rule 56.1, we have considered this evidence in connection with the pending motion.  The fax is dated August 24, 2007 and addressed to "John E. Zulaski" at fax number "847-797-0583."  The cover sheet also indicates that the fax is from Fuchs, is two pages long, and involves "ERISA Appeals Audio conference."  According to the data strip at the top of the document, Practice management received the fax on "08/27/07 14:07:38 ET."  This is enough to create a question of fact as to the specific date of the second fax.  However, we need not resolve the parties' dispute over that date, or the length of either fax, in order to resolve this motion.  Rather, we need only recognize the parties' agreement that Practice Management received a multi-page fax from ASI on July 17, 2006 and a second fax in August 2007.  These two faxes form the basis of plaintiff's claims against defendants.

## II.     LEGAL STANDARD

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

3

as a matter of law." Fed. R. Civ. P. 56(c); *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986)). This Court must consider the evidentiary record in the light most favorable to plaintiff, the non-movant, and draw all reasonable inferences in its favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The movant bears the burden of establishing the absence of any issues of material fact and right to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citations omitted). However, to avoid summary judgment, the non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986); *see also McMillian v. Svetanoff*, 878 F.2d 186, 188 (7th Cir. 1989) ("A party . . . who bears the burden of proof on a particular issue may not rest on its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact for trial") (citation omitted). The "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient to show a genuine issue of material fact." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 933 (7th Cir. 1997) (citing *Anderson*, 477 U.S. at 252). Rather, a genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## III.    ARGUMENT

The TCPA prohibits, among other things, the sending of unsolicited advertisements via facsimile. 47 U.S.C. § 227(b)(1)(C). It is undisputed that ASI sent plaintiff two multi-page faxes in the summer of 2007. Defendants argue that plaintiff

4

voluntarily consented to receiving faxed communications, and therefore the faxes were not "unsolicited" and did not violate the TCPA as a matter of law. *See* 47 U.S.C. § 227(a)(4) (exempting from prohibited solicitations messages sent "to any person with that person's prior express invitation or permission") and (a)(5) (defining an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission."). We must determine if any issue of law or question of fact precludes summary judgment on this claim.

In their statement of undisputed material facts submitted pursuant to Local Rule 56.1, defendants assert that on September 17, 2001, Zulaski "voluntarily provided" plaintiff's fax number, 847-797-0583, even though defendants' web form did not require Zulaski to enter that fax number in order to submit his contact information. Plaintiff has not placed any evidence in the record to rebut these material facts. Defendants argue that, as a result of this omission, their facts are deemed admitted and they are entitled to judgment as a matter of law. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (affirming summary judgment against plaintiff and noting that "a district court is entitled to expect strict compliance with Rule 56.1.") (citation omitted).

Pursuant to Local Rule 56.1(b), a party opposing summary judgment must respond to each numbered paragraph in the moving party's statement and "includ[e], in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon" in opposing that statement. Thus, to avoid summary judgment, plaintiff was required to "show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus.,*

5

*Inc.* 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). Aside from the August 2007 fax, plaintiff did not submit any contradictory evidence. Therefore, defendants' assertion that Zulaski voluntarily provided the fax number and remaining statements of material fact are deemed admitted as a matter of law. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (explaining that summary judgment "is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (quotations omitted); *Brown v. New York Life Ins. Co.*, 2008 U.S. Dist. LEXIS 2942, *24 (N.D. Ill. Jan. 15, 2008) (deeming plaintiffs' conclusory responses and demand for "strict proof" admissions and entering summary judgment in favor of defendants).

Plaintiff also argues that "the mere distribution of a fax number cannot be deemed to equate to 'express' permission under the TCPA." In support, Practice Management relies on *Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 749 (Ohio Misc. 2003), which held that "[c]onsent may not be inferred from the mere distribution or publication of a fax number." *Jemiola* does not preclude judgement on plaintiff's TCPA claim. In that case, plaintiff stated in sworn affidavits that she did not give defendants express invitation or permission to fax the advertisements to her, and defendants did not submit any evidence to the contrary. *Id.* at 748. Those facts are not present here. Accordingly, we find that plaintiff's voluntarily communication of its fax number

6

precludes Practice Management from asserting that the faxes were unsolicited under the TCPA. *See, e.g. Landsman & Funk P.C. v. Loran Business Ctr., Inc.,* 2009 U.S. Dist. LEXIS 18114, *4 (W.D. Wis. March 9, 2009) (granting motion to dismiss TCPA claim and holding that "[b]y sending its fax number to defendant, plaintiff cannot assert that the fax advertisements it received . . . were 'unsolicited' so as to fall within the category of fax advertisements regulated under 47 U.S.C. § 227.").

Next, plaintiff contends that even if defendants had express permission to send the faxes, its TCPA claim must stand because the August 27, 2004 fax does not contain the required "opt-out" notice. As an initial matter, we find that this argument fails due to the procedural deficiencies discussed above. *See* Local Rule 56.1(b)(3)(C); *Johnson*, 325 F.3d at 898-902 (affirming summary judgment entered in favor of defendant employer where plaintiff neglected to include facts establishing his *prima facia* case before the district court).

Plaintiff argues that the Junk Fax Prevention Act ("JFPA") and Federal Communications Commission ("FCC") regulations promulgated under the TCPA require all facsimile advertisements, whether invited or unsolicited, to include an opt-out notice by which the recipient can inform the sender that it does not wish to receive future unsolicited advertisements. *See* 47 C.F.R. § 64.1200(a)(3)(iv) ("A facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice."). In support, plaintiff cites and attaches as Exhibit I to its response an unpublished order from the Circuit Court of St. Louis County, Missouri issued in *MSG Jewelers, Inc. v. C & C Quality Printing, Inc.*, Case No. 07AC-0286 (Mo. Cir. July 17, 2008). In that case, the court found that the fax

7

at issue was not an "unsolicited advertisement" under the TCPA. *Id.* at 2. However, in resolving the cross motions for summary judgment, the court also relied on "additional requirements that all fax advertising transmissions must meet," in particular the inclusion of an opt-out notice that complies with 47 C.F.R. § 64.1200(a)(3)(iv). *Id.* Thus, the court concluded that "[a]ll advertising faxes - including those sent with the express permission of the recipient - must include a proper opt-out notice." *Id.* at 3. Defendants argue the Missouri Circuit Court's ruling in *MSG Jewelers* is distinguishable because that case involved stipulated facts. *Id.* at 1. Defendants further contend that the court's holding is "unsupported by citation to any cases, is not well reasoned, and should not be followed." Relying on the TCPA's express terms, defendants ask this Court to find that the opt-out requirement only applies to unsolicited advertisements. See 47 U.S.C. § 227(b)(1)(C) (prohibiting the use of a facsimile machine to send "an unsolicited advertisement" unless the "unsolicited advertisement contains [an opt-out] notice."). We need not reach this issue.

Even if this Court were to credit plaintiff's statutory interpretation, the TCPA claim still would not survive summary judgment. Plaintiff's complaint does not include any allegations regarding defendants' purported failure to comply with the opt-out requirements purportedly imposed under 47 C.F.R. § 64.1200(a)(3)(iv). *See* Fed. R. Civ. P. 8(a)(2) (obligating plaintiffs to include in their complaints "a short and plain statement of the claim showing that the pleader is entitled to relief"). In its complaint, Practice Management repeatedly avers that defendants violated the TCPA by sending advertising faxes to plaintiff and other members of the putative class without first obtaining prior express invitation or permission. Compl. ¶¶ 11-12, 16(b)(i),(iii), 19-21,

8

23, 25. Plaintiff also alleges that a class action is warranted because, among other things, there are common questions of law relating to defendants' alleged violation of 47 U.S.C. § 227. Compl. ¶16(b)(v). Because there is no mention of the JFPA, the FCC regulations, or any opt-out requirement in the complaint, plaintiff cannot rely on defendants' alleged violation of § 64.1200(a)(3)(iv) to avoid summary judgment.

Defendants also move for judgment as a matter on law on Practice Management's claims for common law conversion and violation of the ICFA. Plaintiff does not address defendants' arguments in its response brief. Where, as here, a party does not respond to an argument raised in a summary judgment brief, it will be deemed a waiver. *See, e.g. Ienco v. Angarone,* 429 F.3d 680, 684 (7th Cir. 2005) (finding that plaintiff waived claims by failing to develop them in response to a summary judgment motion); *Palmer v. Marion County*, 327 F.3d 588, 597-99 (7th Cir. 2003) (claims not addressed in a summary judgment opposition brief are abandoned); *Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 810 (7th Cir. 2001) (plaintiff waived retaliation claim by failing to raise it before the district court in opposition to summary judgment). Defendants are granted judgement as a matter of law on these counts.

In the alternative, this Court credits defendants' argument that plaintiff's conversion claim is barred under the doctrine of *de minimis non curate lex*, "the law does not concern itself with trifles." *Brandt v. Board of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007). We further find that plaintiff has not established a genuine issue for trial on its ICFA claim. The ICFA is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair competition, and unfair and deceptive business practices. It is to be liberally construed

9

to effectuate that purpose. *Western Railway Devices Corp. v. Lusida Rubber Prods., Inc.*, 2006 U.S. Dist. LEXIS 43867 *9 (N.D. Ill. June 13, 2006) (citations omitted). The elements of a claim under the ICFA are: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002) (citation omitted). A plaintiff may recover for "unfair as well as deceptive conduct." *Id.* In the complaint, plaintiff asserts that defendants "violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy." Compl. ¶ 46. "To show that something is an 'unfair practice' under the ICFA, the practice must offend public policy, be immoral, unethical, oppressive, or unscrupulous; or cause substantial injury to consumers." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 665 (7th Cir. 2008) (citing *Robinson*, 775 N.E.2d at 961). All three criteria need not be satisfied, as a practice "may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* (quotation omitted).

Here, plaintiff has not shown a genuine issue of material fact as to substantial harm. A "genuine issue" exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608-09 (7th Cir 2008) (quotation omitted). In the complaint, plaintiff alleges injury to the putative class in the form of "loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time." Compl. ¶ 47. However, plaintiff has not placed any facts before this Court that show a specific harm.

The "mere allegation" of aggregate harm caused by allegedly indiscriminate faxing is not enough to survive summary judgment, "evidentiary support for the allegation is required at . . . [this] stage." *Centerline Equip. Corp. v. Banner Personnel Servs., Inc.*, 2009 U.S. Dist. LEXIS 48092, *16 (N.D. Ill. June 9, 2009) (finding plaintiffs' proof of its own damages and allegations that defendant may have sent an unsolicited fax to other individuals and businesses were not enough to create a genuine issue of material fact); *see also Western Railway,* 2006 U.S. Dist. LEXIS 43867 at *16 (explaining that damages in the form of lost paper and ink or toner due to unsolicited faxes cannot be characterized as significant harm). Because plaintiff has not placed "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" on Counts II and III of the complaint, "there is no issue for trial" and judgment is entered in favor of defendants. *Anderson*, 477 U.S. at 249 (citations omitted).

## IV. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of defendants on all counts and close this case. It is so ordered.

ENTERED:

_____
**MICHAEL T. MASON
United States Magistrate Judge**

**Dated: March 1, 2010**